UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY, <br> TDCJ # 00852958, <br><br> Plaintiff, <br> VS. <br><br> PATRICIA KU KU, *et al*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:17-CV-0275 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Prince McCoy, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), brings this lawsuit *pro se* complaining of inadequate medical care for his low blood sugar. Defendants filed a motion to dismiss (Dkt. 10), and Plaintiff has responded (Dkt. 12). Plaintiff also has filed two motions for leave to amend his complaint (Dkt. 9, Dkt. 14). The motions are ripe for decision. Having considered the pleadings, the briefing, all matters of record, and the applicable law, the Court determines that Plaintiff's first motion to amend should be **granted**, that his second motion to amend should be **denied**, and that Defendants' motion to dismiss should be **granted in part** and **denied in part**.

**I.   Background**

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Defendants in their official and individual capacities (Dkt. 1, at 22). He sues three officials at TDCJ's Darrington Unit: Patricia Kuku, Lisa Monse, and Terry Speers. He alleges that all three Defendants denied him adequate medical treatment for low blood sugar on

multiple occasions in 2016 and early 2017. Among other allegations, Plaintiff claims that he has been denied "hypo snacks" dispensed to inmates with hypoglycemia, that he received delayed medical attention when he passed out in his cell because of low blood sugar, and that medical personnel falsely accused him of failing to eat regularly and "starving" himself (Dkt. 1, Dkt. 9). He seeks an unspecified amount of nominal, compensatory, and punitive damages (Dkt. 1, at 4).

II. <u>**Plaintiff's Requests for Leave to Amend His Pleadings**</u>

Since filing his complaint (Dkt. 1), Plaintiff has filed two motions for leave to amend his pleadings (Dkt. 9, Dkt. 14). Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). A court must have a "substantial reason" to deny a request for leave to amend. *Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016). Leave to amend is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (internal citation and quotation marks omitted). A district court "should consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)); *Duzich v. Advantage Finance Corp.*, 395 F.3d 527, 531 (5th Cir. 2004).

Plaintiff's first motion for leave to amend, filed before Defendants were served with process, brings a claim that Defendant Kuku rubbed ammonia in his eyes and

attaches several exhibits (Dkt. 9). Because these allegations and documents are relevant to Plaintiff's claims in his original complaint, and because Plaintiff sought leave to amend early in the case, the Court in the interests of justice will grant Plaintiff's request. *See Am. Int'l Refinery*, 676 F.3d at 466-67. Docket Entry No. 9 will be considered as part of Plaintiff's pleadings along with the complaint (Dkt. 1).

After Defendants moved to dismiss, Plaintiff McCoy filed a second motion for leave to amend his complaint (Dkt. 14), which Defendants oppose (Dkt. 15). Plaintiff seeks to bring a claim for injunctive relief "to be assured the defendants do not violate his rights in the future" and "due to the systematic violations he is suffering . . . being denied adequate medical treatment" for hypoglycemia (Dkt. 14, at 1). Plaintiff makes no allegations relevant to the four elements necessary to warrant injunctive relief. *See Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018). The amendment would be futile, and leave to amend is denied. *See Am. Int'l Refinery*, 676 F.3d at 466-67.

### III. Defendants' Motion to Dismiss

Defendants seek dismissal of the official capacity claims under Rule 12(b)(1) because sovereign immunity deprives this Court of jurisdiction. Defendants seek dismissal of all individual capacity claims under Rule 12(b)(6).

#### A. Rule 12(b)(1)

Defendants urge dismissal of Plaintiff's official capacity claims based on sovereign immunity.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012).

A claim against a TDCJ official in his or her official capacity is a claim against TDCJ, and thus a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015); *Moore v. La. Bd. of Elem. and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394.

Under the Eleventh Amendment, the state is immune from Plaintiff's claim for damages against Defendants in their official capacities. Defendants' motion to dismiss these claims for lack of jurisdiction will be granted.

B.  Rule 12(b)(6)

1.  *Pro Se* Pleadings

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). In reviewing the pleadings and litigation history, the Court is mindful of the fact that Plaintiff is a TDCJ inmate proceeding *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

2.  Rule 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). Federal pleading rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555 (quoting FED. R. CIV. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."

*Iqbal*, 556 U.S. at 678 (2009); *see Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). The pleadings also must claim that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

When, on a motion under Rule 12(b)(6), matters outside the pleadings are presented and not excluded, "the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498–99 (5th Cir. 2000)).

### 3. Analysis

Plaintiff brings suit under 42 U.S.C. § 1983 against Defendants in their individual capacities. He alleges that all three Defendants exhibited "deliberate indifference to [his] serious medical need" (Dkt. 1, at 3), in violation of the Eighth Amendment, when they denied him adequate treatment for low blood sugar on several occasions. To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate "deliberate indifference" to his "serious medical needs, constituting an unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal citations and quotation marks omitted).

Defendants' motion to dismiss (Dkt. 10) relies on the allegations in original complaint (Dkt. 1) and its attached documents, and urges dismissal of all of Plaintiff's

claims. Although a court considering a Rule 12(b)(6) motion may rely on documents attached to the complaint as part of the pleadings, *see Causey*, 394 F.3d at 288, in this case documents outside of the complaint recently have been added to the record, as exhibits to Plaintiff's responsive briefing. *See, e.g.*, Dkt. 12, at 8 (Plaintiff's declaration). The Court also has granted Plaintiff leave to file his amended pleadings (Dkt. 9). Moreover, the parties' record-based arguments in the briefing are better suited to summary judgment than to a motion to dismiss under Rule 12(b)(6).[1]

Because of the recent filings and pleading amendments, the Court declines to convert the pending motion to dismiss as a summary judgment motion. Rather, Defendants should file a motion applying summary judgment legal standards and addressing all claims brought by Plaintiff.

Defendants' motion to dismiss under Rule 12(b)(6) is denied without prejudice to the substantive arguments raised in the motion. Defendants' summary judgment motion is due on or before November 15, 2018. Plaintiff's response must be filed within thirty days of the motion.

### IV. Conclusion

For the reasons stated above the Court **ORDERS** that:

1. Defendant's motion to dismiss (Dkt. 10) is **GRANTED in part** and **DENIED in part**. Plaintiff's claims against Defendants in their official capacities are **DISMISSED with prejudice**. All other relief sought in the motion to dismiss is denied at this time.

---

[1] *See, e.g.*, Dkt. 10, at 5 (motion to dismiss cites medical records to refute Plaintiff's claims that his hypo snacks were discontinued for the purpose of causing harm); Dkt. 12, at 4 (Plaintiff's response alleges that the medical records stating that he "starved" himself were "falsified").

2. Plaintiff's motion to for leave to amend his complaint (Dkt. 9) is **GRANTED.** Docket Entry No. 9 is deemed part of Plaintiff's pleadings, along with the original complaint (Dkt. 1).

3. Plaintiff's second motion for leave to amend his complaint (Dkt. 14) is **DENIED**.

4. Defendants must file a summary judgment motion on or before **November 15, 2018**. Plaintiff's response must be filed within thirty days of the motion.

SIGNED at Galveston, Texas, this 5th day of September, 2018.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge