United States District Court
Southern District of Texas
**ENTERED**
August 29, 2019
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| PRINCE McCOY, § <br> TDCJ # 00852958, § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> PATRICIA KUKU, *et al*. § <br> § <br> Defendants. § | CIVIL ACTION NO. 3:17-0275 |

## MEMORANDUM OPINION AND ORDER

On July 19, 2019, the Court granted summary judgment for Defendants and dismissed the civil rights claims brought by Plaintiff Prince McCoy. On August 1, 2019, Plaintiff filed a timely motion to alter judgment under Federal Rule of Civil Procedure 59(e) (Dkt. 26). Having reviewed the plaintiff's filings, the applicable law, and all matters of record, the Court concludes that the motion should be **denied** for the reasons that follow.

Federal Rule of Civil Procedure 59(e) permits a litigant to file a motion to alter or amend a judgment. A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Moreover, "an unexcused failure to present evidence available at the time of

summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479.

McCoy's motion points to many of the same medical records he cited in his previous briefing. As before, he argues that Kuku assaulted him by rubbing ammonia in his eyes and directs the Court to his declaration, which the Court previously considered. *See* Dkt. 24, at 3 (citing record). He also continues to press his argument that TDCJ officials were untruthful when they stated that his blood sugar was low because he failed to eat. Because these contentions rehash arguments that were or could have been made before entry of judgment, and because they were addressed in the Court's prior opinion, they are insufficient to warrant relief under Rule 59(e). *See Templet*, 367 F.3d at 479.

McCoy also argues that the Court failed to address his allegation that Monse conspired with Speers to deny him hypoglycemic snacks on May 19, 2016. McCoy's allegations of conspiracy were insufficient to state a non-frivolous claim for relief under 28 U.S.C. § 1915(e)(2)(B).[1] In any event, Monse moved for summary judgment on all claims against her, and Plaintiff presented no competent summary judgment evidence in support of a conspiracy claim. *See Templet*, 367 F.3d at 479.

Finally, although McCoy states that the Court erred because it failed to rule on his "motion to compel" (Dkt. 26, at 1), no such motion appears on the Court's docket.

---

[1] *See* Dkt. 1, at 24, ¶ 12 (complaint alleged that, "Upon information and belief, plaintiff asserts that the defendant Ms. Monse, had to have went into defendant Mr. Speer's office and maliciously and sadistically conspired with him, to cause harm to me, by discontinuing my hypo snacks" because Speers "was in his office, and didn't even know I was there in medical, nor what for until Ms. Monse went and told him").

Because Plaintiff presents no meritorious basis for relief under Rule 59(e), his motion to alter judgment (Dkt. 26) is **DENIED**.

SIGNED at Galveston, Texas, this 29th day of August, 2019.

_____
George C. Hanks Jr.
United States District Judge